**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: GGW BRANDS, LLC, et al. ) | Case No. CV 13-8255 FMO |
| GGW GLOBAL BRANDS, INC., ) | |
| Appellant, ) | **CASE MANAGEMENT ORDER Re:** |
| ) | **BANKRUPTCY APPEALS** |
| v. ) | |
| GGW MARKETING, LLC, et al., ) | |
| Appellees. ) | |

**In accordance with General Order 10-07, this case is designated for electronic filing. Counsel shall electronically file all documents required by this Order by 4:00 p.m. on the due date.  Courtesy copies of every electronically filed document, with the Notice of Electronic Filing attached, shall either: (a) be delivered and placed in the courtesy copy box outside the District Judge's chambers, located at 312 N. Spring Street, 5th Floor, Los Angeles, California; or (b) mailed, no later than the next court day, to Deputy Clerk to District Judge Olguin, 312 N. Spring Street, Los Angeles, California 90012.**

In order to facilitate the just, speedy, and inexpensive determination of this case, the parties shall comply with the following instructions.

I.    JOINT BRIEF.

A.   <u>Generally</u>: The parties shall electronically file a Joint Brief in the manner of, and according to, the schedule set forth below.  The parties shall cooperate in preparing the Joint Brief, and sanctions may be imposed for any failure to cooperate.  A Joint Brief that is not signed by

counsel for both parties may be rejected and returned to counsel. A Joint Brief that is electronically filed, but that is not prepared in the manner required by this Order, may be stricken, in which event the parties will be required to cure the defects by electronically filing an Amended Joint Brief.

B. Local Rule 7-3 Conference: The parties shall meet and confer, in person, to narrow and crystallize the issues to be argued in the appeal of the bankruptcy court's order(s). The meet and confer shall be transcribed by a court reporter and the transcript of the conference shall be filed with the Joint Brief. The costs of the court reporter shall be divided equally between the parties. The parties shall discuss *each issue* to be raised in the Joint Brief, as well as the law and evidence relevant to that issue, so that the parties' briefing may reflect that they are fully cognizant of the other side's position(s). If the briefing reveals that the parties are not on the same page with respect to the issues and position(s) presented, the Joint Brief shall be stricken.

C. Content of Joint Brief: The parties shall work cooperatively to create a single, fully integrated Joint Brief, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's/parties' response. The Joint Brief shall set out each issue (or sub-issue), including legal argument and direct citation to the Excerpts of Record, followed by the response with respect to that issue (or sub-issue), including legal argument and direct citation to the Excerpts of Record. Any issue not raised in the Joint Brief may be deemed waived. The parties shall focus on applying relevant and controlling legal authority to the facts germane to each disputed issue.

D. Citation to Evidence: The parties shall specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the Excerpts of Record for all evidence relied upon (in the form "ER at ___"). Parenthetical explanations are encouraged. The parties shall cite to relevant evidence to support factual assertions throughout the Joint Brief. Failure to cite to evidence in support of a factual assertion shall be deemed the party's admission that the party lacks evidence of that fact. Evidence not cited by a party in the Joint Brief shall be deemed admitted to be irrelevant.

E. <u>Form of the Joint Brief</u>:  The Joint Brief shall include a brief summary of the case, a statement of the disputed issues, the parties' contentions with respect to each disputed issue, and the parties' statements of the relief requested.  The Joint Brief shall be prepared in the following format, and shall comply with the local rules governing form and typeface:

        **1.**      **Summary of the Case**.

Appellant shall provide a brief summary of the background facts and procedural history. Appellee need not respond to appellant's summary, unless appellee believes that appellant's summary misstates, mischaracterizes or omits any material facts or proceedings.

        **2.**      **Statement of Disputed Issues**.

Appellant shall identify and frame, in a neutral fashion, each of the disputed issues that appellant will be raising as grounds for reversal and/or remand. [Example: "Issue No. 1 – Whether the bankruptcy court committed error by failing to value the debtor's assets as if sold."].  For each disputed issue, appellant shall set forth the standard of review (<u>i.e.</u>, de novo, abuse of discretion) to be applied to the court's review of that issue.  *The court will not consider any grounds for reversal and/or remand that are not set forth in the Statement of Disputed Issues.*

        **3.**      **Issues and Contentions**.

    a.  Issue No. 1 [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]

        i.  Appellant's Contentions Regarding Issue No. 1 [Appellant shall concisely set forth his or her contentions and include citations to the page(s) of the Excerpts of Record where germane evidence is found and to relevant legal authority.]

        ii.  Appellee's Contentions Regarding Issue No. 1 [Appellee shall concisely set forth his or her contentions and include citations to the page(s) of the Excerpts of Record where germane evidence is found and to relevant legal authority.]

    b.  Issue No. 2, etc. [Repeat the foregoing as needed.]

**4.    Relief Requested**.[1]

a.  Appellant's statement of relief requested.

b.  Appellee's statement of relief requested.

F.  <u>Length of Joint Brief</u>: Each separately-represented party shall be limited to 25 pages, exclusive of tables of contents and authorities.  Repetition shall be avoided, and, as always, brevity is preferred.  Leave for additional space will be given only in extraordinary circumstances. The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated. All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

II.    SCHEDULE FOR PREPARATION AND FILING OF JOINT BRIEF.

A.  No later than fourteen (14) days following the filing of the Certificate of Readiness and Completion of Record by the Clerk of the Bankruptcy Court, appellant's counsel shall prepare and deliver to appellee's counsel a draft of appellant's portions of the Joint Brief (prepared as described in section VI, above).  Appellant's counsel shall provide appellee's counsel with a printed copy of appellant's portions of the Joint Brief and a computer-readable copy on a diskette or via e-mail.

B.  Within fourteen (14) days of the date on which appellant's counsel provides appellee's counsel with the draft of appellant's portions of the Joint Brief, appellee's counsel shall provide to appellant's counsel appellee's portions of the Joint Brief by delivering a printed and computer-readable copy of appellee's portions of the Joint Brief to appellant's counsel on a diskette or via e-mail.

C.  Within three (3) days of delivery by appellee's counsel of the signed Joint Brief, appellant's counsel shall sign and electronically file the Joint Brief.  The Joint Brief shall be accompanied by a Joint Notice of Motion for Hearing of Bankruptcy Appeal, which shall set the matter for hearing pursuant to the Local Rules.

---

[1]  If the relief requested is a remand for the consideration of new evidence, the requesting party shall also provide a description of the new evidence, along with copies of any documentary evidence, upon which the party relies.

D.   <u>Supplemental Memorandum</u>:   After the Joint Brief is filed, each party may file a supplemental memorandum of points and authorities no later than fourteen (14) days prior to the hearing date.   The supplemental memorandum shall not exceed ten (10) pages in length.   No other separate memorandum of points and authorities shall be filed by either party in connection with the Joint Brief.

E.   The deadlines set by this Order supercede any deadlines set forth in the Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Form CV-8) and in the Certificate of Readiness and Completion of Record.

III.   <u>Requests for Extensions of Time</u>.

The deadlines set forth in this Order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time. Accordingly, requests for extensions of time are discouraged.   Any such request shall set forth specific facts showing that additional time is needed despite diligent attempts to meet a deadline. Requests for extensions of time shall be electronically filed and served at least three (3) days before the deadline that is the subject of the request.   Whenever possible, a request for extension of time should be made in the form of a proposed stipulated order.

**IT IS SO ORDERED**.

Dated this 13th day of January, 2014.


_____/s/_____

Fernando M. Olguin
United States District Judge

5