UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8255 FMO | Date | September 24, 2014 |
|---|---|---|---|
| Title | In Re GGW Brands, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**     (In Chambers) Order Dismissing Appeal for Lack of Jurisdiction

Having reviewed and considered all the briefing filed with respect to appellant GGW Global Brands, Inc.'s ("Global Brands" or "Appellant") Appeal ("Appeal"), the court concludes that oral argument is not necessary to resolve the appeal.  See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

This bankruptcy appeal arises from a trademark ownership dispute in the voluntary chapter 11 bankruptcy petitions of GGW Brands, LLC ("GGW Brands"), GGW Direct, LLC ("GGW Direct"), GGW Events, LLC ("GGW Events"), and GGW Magazine, LLC ("GGW Magazine") (collectively, the "Original Debtors"); and GGW Marketing, LLC ("GGW Marketing," and with the Original Debtors, the "Debtors").  (See Joint Brief in Bankruptcy Appeal ("Joint Br.") at 1-4).  Joseph Francis ("Francis") is the creator of the "Girls Gone Wild" adult entertainment franchise.  (See id. at 4).  Before late 2011, the Girls Gone Wild franchise conducted business through the Debtors, which owned the Trademarks.[1]  (See id.; ER at 682).  However, the GGW entities faced claims by Francis's personal creditors, who asserted liability under an alter ego theory.  (See Joint Br. at 4).

In October 2011, Francis retained an attorney to form an offshore IP holding entity.  (See ER at 685).  In November 2011, the Trademarks were, through various assignments, transferred

---

[1] The Trademarks include the following: (1) Banned From Television (USPTO Reg. Nos. 75939899, 7721774); (2) Girl Gone Wild (USPTO Reg. Nos. 85563745, 85563753, 85563756); (3) Girls Gone Wild (USPTO Reg. Nos. 2411851, 2894611, 4010741, 77382679; 76517377, 75640463, 77382449, 77208650); (4) Girls Gone Mobile (USPTO Reg. No. 77166100); (5) Gone Wild (USPTO Reg. Nos. 77208666, 77208674, 77384465); (6) Guys Gone Wild (USPTO Reg. No. 76427548); (7) GGW (USPTO Reg. No. 85538368); and (8) Mantra (USPTO Reg. No. 76306922). (See ER at 682).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8255 FMO | Date | September 24, 2014 |
|---|---|---|---|
| Title | In Re GGW Brands, LLC, et al. | | |

to Path Media.[2]  (See id. at 687).  The Debtors, who did not receive consideration for the assignments, continued using the Trademarks without paying fees or royalties to Path Media.  (Id. at 688).

On February 25, 2013, Path Media, through one of Francis's attorneys, terminated the Original Debtors' rights to use the Trademarks, but then re-licensed the Trademarks to the Original Debtors through May 31, 2013 ("Termination/Re-License").  (See ER at 684 n. 8 & 689-92).  GGW Direct paid a fee of about $274,000 for the Re-License.  (See id. at 691).

On February 27, 2013, the Original Debtors filed voluntary chapter 11 bankruptcy petitions. (See ER at 693).  GGW Marketing, which had been cancelled before the bankruptcy filing, was not an Original Debtor.  (See id. at 689).

In April 2013, R. Todd Neilson was appointed as chapter 11 trustee ("Trustee") for the Original Debtors.  (See ER at 693).  The Trustee then undertook efforts to re-acquire the rights to the Trademarks.  (See id. at 693-94).  For example, on May 9, 2013, the Trustee filed a motion to revoke the cancellation of GGW Marketing, in order to file a chapter 11 petition on its behalf ("Revocation Motion").  (See id. at 693).  In addition, the Trustee sought to file an adversary proceeding to avoid the transfer of the Trademarks from GGW Marketing to Path Media.  (See id. at 693-94).  Francis and two related entities, Perfect Science Labs, LLC ("PSL") and Argyle Online, LLC filed an opposition, asserting that GGW Brands, Inc. was the "member" of GGW Marketing, not GGW Brands, LLC.  (See id. at 346, 525 & 692).  They further argued that GGW Brands, LLC was only the "manager" of GGW Marketing, so it did not have an ownership interest in the Trademarks.  (See id. at 524).  Francis, PSL, and Argyle further argued that "the chapter 11 Trustee of entirely unrelated entities should have no authority to revoke that cancellation [of GGW Marketing] and file a chapter 11 petition on its behalf."  (Id. at 526).

On May 20, 2013, the bankruptcy court granted the Trustee's Revocation Motion.  (See Joint Br. at 2; ER at 652-53).  The Trustee resurrected GGW Marketing, and filed a voluntary chapter 11 petition on its behalf.  (See Joint Br. at 2; ER at 656-79).  Francis appealed the Revocation Motion, see In re GGW Brands, LLC, Case No. CV 13-4162 FMO (C.D. Cal.), but abandoned the appeal.  (See Joint Br. at 8).

On May 30, 2013, a few days after the granting of the Revocation Motion, Francis revived GGW Brands, Inc. in Delaware under the name GGW Global Brands, Inc. ("Global Brands").  (See Joint Br. at 3; ER at 220-21).  Francis was listed as President in the Delaware certificate of revocation of voluntary dissolution.  (ER at 221).

On July 15, 2013, Global Brands filed the motion to dismiss the bankruptcy case of GGW

---

[2]  Path Media, LLC and Path Media Holdings, LLC are collectively referred to as "Path Media." (See ER at 685).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8255 FMO | Date | September 24, 2014 |
|---|---|---|---|
| Title | In Re GGW Brands, LLC, et al. | | |

Marketing ("Motion to Dismiss").  (See ER at 158-170).  In the Motion, Global Brands asserted that it was "the sole member of GGW Marketing, LLC."  (See id. at 162).  Global Brands further argued that GGW Brands did not have authority to file the bankruptcy petition on behalf of GGW Marketing, because the petition took place without Global Brands' "requisite written consent[.]" (See id. at 165).  On October 23, 2013, after conducting a hearing, the bankruptcy court denied the Motion to Dismiss.  (See id. at 116-17).  The denial of the Motion to Dismiss is the subject of Global Brands' instant Appeal.  (See id. at 120-22; Joint Br. at 1).

Meanwhile, the parties continued to litigate the Trademark ownership issues.  (See ER at 699-703).  On August 22, 2013, the Trustee filed a motion for summary judgment, seeking to avoid the transfer of the Trademarks to Path Media and the Termination/Re-License.  (See id. at 700). In October 2013, the bankruptcy court granted in part the Trustee's motion for summary judgment, avoiding the transfers of the Trademarks and the Termination/Re-License.  (See id. at 680-738). Francis, Path Media Holdings, LLC, Argyle Media Sales, LLC, Argyle Online, LLC, and Fab Films, LLC appealed to the district court, (see id. at 749-55), which affirmed the bankruptcy court's order. (See id. at 755).

**STANDARD OF REVIEW**

When reviewing a bankruptcy court's decision, "a district court functions as [an] appellate court and applies the standard of review generally applied in federal court appeals."  In re Crystal Props., Ltd., 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks omitted).  "A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code de novo."  In re Orange Cnty. Nursery, Inc., 439 B.R. 144, 148 (C.D. Cal. 2010).  Factual findings are reviewed for clear error, and the court "must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge."  In re Greene, 583 F.3d 614, 618 (9th Cir. 2009); see Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

"[T]he bankruptcy court's evidentiary rulings [are reviewed] for an abuse of discretion." Latman v. Burdette, 366 F.3d 774, 786 (9th Cir. 2004), abrogated on other grounds, Law v. Siegel, 134 S.Ct. 1188, 1194 (2014).  "To reverse on the basis of an erroneous evidentiary ruling, [the court] must conclude both that the bankruptcy court abused its discretion and that the error was prejudicial."  Id.  On appeal, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  The district court may affirm a bankruptcy court's order "on any ground supported by the record, even if it differs from the ground relied upon by the bankruptcy court."  Thrifty Oil Co. v. Bank of Am. Nat. Trust and Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003).

The bankruptcy court's dismissal of an adversary proceeding for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo.  See N.M. State Inv. Council

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8255 FMO | Date | September 24, 2014 |
|---|---|---|---|
| Title | **In Re GGW Brands, LLC, et al.** | | |

v. Ernst & Young LLP, 641 F.3d 1089, 1094 (9th Cir. 2011); Schultze v. Chandler, 2014 WL 3537030, *2 n. 1 (9th Cir. 2014) ("the bankruptcy court dismissed Chandler's complaint for failure to state a claim, and the district court reviewed this dismissal de novo. . . . As such, Plaintiffs received all the review Article III requires."). A denial of leave to amend is reviewed for abuse of discretion. See Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007).

### DISCUSSION

It is well-settled that "a denial of a motion to dismiss in a bankruptcy case is not immediately appealable because it is interlocutory." In re New Life Health Center Co., 102 F.3d 428, 428 (9th Cir. 1996); see In re Rega Props., Ltd., 894 F.2d 1136, 1138 (9th Cir.), cert. denied, 498 U.S. 898 (1990) ("We believe that this case is controlled by our decision in In re 405 N. Bedford Corp, [778 F.2d 1374 (9th Cir. 1985)] which held that a denial of a motion to dismiss . . . was not final under this circuit's finality test[.]"). Nevertheless, Global Brands asserts that the court has jurisdiction under 28 U.S.C. § 158(a),[3] because the bankruptcy court's order denying the Motion to Dismiss constitutes a final order. (See Joint Br. at 12).

Under 28 U.S.C. § 158(a), "only 'final' rulings of the bankruptcy court may be appealed as of right. The final judgment rule was designed to prevent piecemeal litigation, conserve judicial energy, and eliminate delays caused by interlocutory appeals." In re Frontier Props., Inc., 979 F.2d 1358, 1362 (9th Cir. Cal. 1992). Traditionally, "[a] final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id. (internal quotation marks omitted). However, for bankruptcy proceedings, the Ninth Circuit has developed a more flexible, "pragmatic" approach that "focuses on whether the decision appealed from effectively determined the outcome of the case." Id. at 1363 (internal quotation marks omitted). Under this approach, "a bankruptcy order is appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." Id.; cf. In re Allen, 896 F.2d 416, 418 (9th Cir. 1990) ("Bankruptcy orders that determine and seriously affect substantial rights can cause irreparable harm if the losing party must wait until bankruptcy court proceedings terminate before appealing."). While the court's analysis is more flexible than the traditional finality inquiry, the Ninth Circuit has cautioned against "having a case make two complete trips through the appellate process." In re Frontier Props., Inc., 979 F.2d at 1363 (internal quotation marks omitted).

Global Brands asserts that final orders "'may determine and seriously affect substantive rights' and 'cause irreparable harm to the losing party if it had to wait to the end of the bankruptcy case[.]'" (Joint Br. at 12) (quoting In re Mason, 709 F.2d 1313, 1316 (9th Cir. 1983)). Global Brands further asserts that the GGW Marketing bankruptcy petition is "akin to an involuntary bankruptcy filing," and that the denial of its Motion to Dismiss "is akin to the motion to vacate the

---

[3] Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees[.]"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-8255 FMO** | Date | **September 24, 2014** |
|---|---|---|---|
| Title | **In Re GGW Brands, LLC, et al.** | | |

order for relief." (Joint Br. at 14). Finally, Global Brands contends that the Trustee lacked "legal power" to file the bankruptcy petition on behalf of GGW Marketing. (Id.).

Global Brands' assertions are unpersuasive. As an initial matter, the court notes that in its Order Re-Opening Case, filed on January 13, 2014 ("Court's Order of January 13, 2014"), the court noted that it had concerns as to whether the bankruptcy court's order denying Global Brands' Motion to Dismiss was a final, appealable order. (See Court's Order of January 13, 2014, at 1). The court stated "that the briefing [wa]s not sufficient to enable it to decide this issue at this time[]" and directed the parties to "address both the issue of appealability and the merits of the appeal." (Id. at 3). The court directed the parties to "discuss the following cases in the section on appealability: (1) In re Mason, 709 F.2d 1313 (9th Cir. 1983); (2) In re 405 N. Bedford Dr. Corp., 778 F.2d 1374 (9th Cir. 1985); (3) In re Allen, 896 F.2d 416 (9th Cir. 1990); and (4) In re Advantage Commc'ns Grp., Inc., 1997 WL 414169 (N.D. Cal. 1997)." (Id.). Despite the court's directive, Global Brands discussed only the In re Mason case and ignored the other cases the court ordered it to address. (See, generally, Joint Br. at 12-15). But even more troubling is the fact that Global Brands' portion of the Joint Brief is virtually identical to the appealability argument Global Brands made previously. (Compare Motion for Relief Pursuant to FRCP 60(b) from Order of Dismissal with Joint Br. at 12-15). In other words, Global Brands put forth the same argument the court previously found insufficient to decide whether the denial of the Motion to Dismiss was a final, appealable order. Since Global Brands has the burden to establish that the court has jurisdiction over its appeal, see In re W. States Drywall, Inc., 145 B.R. 661, 665 (Bankr. D. Idaho 1992) ("the party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction") (internal quotation marks omitted), the instant Appeal is subject to dismissal because Global Brands – in putting forth the exact same argument that was previously found to be insufficient – failed to meet its burden to establish that the court has jurisdiction over its Appeal.

In any event, it is clear that Global Brands has not established that the bankruptcy court's order 1) "resolves and seriously affects substantive rights," and that it 2) "finally determines the discrete issue to which it is addressed." In re Frontier Props., Inc., 979 F.2d at 1363. As for the first requirement, the bankruptcy court addressed whether GGW Brands had the right to file a voluntary bankruptcy petition in the course of the Revocation Motion. (See ER at 652-55 & 315) ("Based on the evidence before me that has been submitted throughout this entire case, I do find that GGW Brands, LLC was a member of GGW Marketing."). Thus, the bankruptcy court resolved GGW Brands' alleged "substantive rights" in the Revocation Motion, not the Motion to Dismiss.[4]

As for the second requirement, Global Brands has not established that the order denying

---

[4] Since the bankruptcy court's order does not resolve "substantive rights," the court is not persuaded by Global Brands' conclusory assertion, (see Joint Br. at 15), that it would suffer irreparable harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8255 FMO | Date | **September 24, 2014** |
|---|---|---|---|
| Title | **In Re GGW Brands, LLC, et al.** | | |

the Motion to Dismiss "finally determines the discrete issue to which it is addressed."  As previously discussed, the Revocation Motion resolved whether GGW Brands had the legal authority to file a bankruptcy petition for GGW Marketing.  In addition, the order denying the Motion to Dismiss does not provide a final determination regarding the broader Trademark ownership dispute.  Cf. In re James Wilson Assocs., 965 F.2d 160, 166 (7th Cir. 1992) ("finality in bankruptcy has been interpreted to embrace the final decision . . . that, but for its bankruptcy setting, would be a separate suit.").  Rather, the bankruptcy court resolved the Trademark ownership issues when ruling on summary judgment.  (See ER at 680-738).  In short, the bankruptcy court's order denying the Motion to Dismiss does not provide a final determination regarding a "discrete issue."

Finally, Global Brands' reliance on In re Mason is unpersuasive.  The Ninth Circuit has explained that the reasoning underlying In re Mason does not apply "where the debtor has filed a voluntary petition[.]"  In re 405 N. Bedford Dr. Corp., 778 F.2d at 1378.  Here, GGW Marketing filed a voluntary petition.  (See ER at 656-79).  Further, Global Brands' argument that the order denying the Motion to Dismiss is "akin" to the order for relief in In re Mason is unavailing.  (See Joint Br. at 14).  In In re Mason, the Ninth Circuit reasoned that "[a]n order for relief is the equivalent of an 'adjudication' under the Bankruptcy Act of 1898," and that "[a]n adjudication was appealable as of right[.]"  In re Mason, 709 F.2d at 1315.  The denial of the Motion to Dismiss does not provide such finality.  For example, after the bankruptcy court issued the subject order, the parties continued to litigate whether the Trustee had the requisite authority to file the bankruptcy petition on behalf of GGW Marketing.  (See ER at 721) ("A significant portion of the Opposition focuses on Argyle's argument that GGW Brands LLC was neither a member nor manager of GGW Marketing, LLC.  Therefore, according to Argyle, the Trustee, on behalf of GGW Brands, LLC, did not have authority to file a bankruptcy on behalf of GGW Marketing, LLC.").

**CONCLUSION**

The Ninth Circuit has cautioned against "piecemeal" litigation that provides "two complete trips through the appellate process."  In re Frontier Props., Inc., 979 F.2d at 1363.  Here, Francis and his affiliated entities have taken one complete trip through the appellate process, and have addressed the trademark ownership issue.  (See ER at 749-55).  Under the circumstances, the court declines to provide a second "complete trip" regarding duplicative subject matter.  The appeal is dismissed for lack of jurisdiction.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT appellant's appeal is **dismissed** for lack of jurisdiction.  Judgment shall be entered accordingly.

Initials of Preparer          vdr